UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------x
KEVIN MCKEOWN,

                                    Plaintiff,

    -against-

THE STATE OF NEW YORK; THE OFFICE OF
COURT ADMINISTRATION OF THE UNIFIED
COURT SYSTEM; THOMAS J. CAHILL, in his
official and individual capacity; SHERRY M. COHEN,
in her official and individual capacity; NANCY J.
BARRY, in her official and individual capacity; JOSEPH
M. ACCETTA, in his official and individual capacity;
ROBERT M. DIBELLA, in his official and individual
capacity; MCQUADE & MCQUADE, ESQS, JOSEPH F.
MCQUADE, individually and as a partner of MCQUADE
& MCQUADE; and JOHN and JANE DOES, 1-20,

                                    Defendants.
------------------------------------------------------------------x

**ANSWER**

**CIV. ACTION NO. 08 CV 2391**

        Defendants McQuade & McQuade and Joseph F. McQuade, as and for their Answer to Plaintiff's Complaint, allege upon knowledge as to their own facts and upon information and belief as to all other matters:

        1.    Denies knowledge or information sufficient to form a belief as to the allegations in paragraphs 1, 6, 7, 9, 10, 11, 12, 13, 14, 15, 30, 34, 35, 37, 38, 42, and 43 of Plaintiff's Complaint.

        2.    Denies each and every allegation set forth in paragraphs 2, 3, 4, 5, 20, 21, 23, 24, 25, 26, 28, 29, 31, 32, 39, 40, 44, 45, 46, 47, 49, 50, 52 and 53 of Plaintiff's Complaint.

        3.    Denies knowledge or information sufficient to form a belief as to the allegations

contained in paragraph 8 of the Plaintiff's Complaint except admits that Plaintiff filed a false and baseless grievance complaint against Joseph F. McQuade.

4. Denies each and every allegation in paragraph 16 of the Complaint except admits that McQuade & McQuade is a law firm located at 104 East 40th Street, New York, N.Y. 10016.

5. Denies each and every allegation in paragraph 22 of the Complaint except admits that Plaintiff's Preliminary Letters Testamentary were revoked because of Plaintiff's egregious misconduct, destruction of decedent's records and computer seizure and other wrongdoings.

6. Denies each and every allegation in paragraph 27 of the Complaint except admits that Plaintiff's authority was terminated on or about October 8, 2003.

7. Admits in paragraph 33 of Complaint that Plaintiff filed an ethics complaint with the DDC against McQuade and otherwise denies the alleged charges set forth in paragraph 33.

8. Denies knowledge or information sufficient to form a belief as to each and every allegation in paragraph 36 of the Complaint and denies that none of the issues raised in Plaintiff's Complaint against McQuade have been resolved. These false charges were dismissed.

## AS AND FOR A FIRST AFFIRMATIVE DEFENSE

9. The New York State Statute of Limitations bars Plaintiff's Count Two and that Count must be dismissed.

## AS AND FOR A SECOND AFFIRMATIVE DEFENSE

10. The New York State Statute of Limitations and applicable case law bars Plaintiff's

Count Three and that Count must be dismissed.

### AS AND FOR A THIRD AFFIRMATIVE DEFENSE

11.    The Plaintiff has failed to state a cause of action in Contract.

### AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

12.    The Plaintiff fails to state a cause of action which would entitle Plaintiff to injunctive relief.

### AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

13.    The Plaintiff failed to disclose his wrongful actions and wrongdoings concerning his mother's estate to defendant Joseph F. McQuade and his failures and wrongdoings, including destruction and taking of records preclude his enforcing any contract relating to his mother's estate.

### AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

14.    The Defendant Joseph F. McQuade, as an officer of the Court and upon instruction of his then client Mary Virga, had a duty to inform the Surrogate's Court of Plaintiff's misdeeds and wrongdoings and destruction of and/or absconding with his mother's records.

The Plaintiff's culpable conduct and wrongdoings preclude his claims.

The Court, not the Defendant, directed Plaintiff's removal as fiduciary, resulting in his authority being revoked.

### AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

15.    The Defendant had no fiduciary relationship with Plaintiff Kevin McKeown. The

Defendant had a fiduciary relationship with the Estate of Margaret A. McKeown.

## SANCTIONS

16.  By reason of the foregoing and because of the baseless and meritless character of Plaintiff's claims, Defendants ask this Court to impose sanctions in an amount of $45,000.00, pursuant to Court Rule 11 (c) of the Federal Rules of Civil Procedure.

## PRAYER FOR RELIEF

WHEREFORE, Defendants Joseph F. McQuade and McQuade & McQuade request that the Court enter judgment and an Order in favor of Defendants:

A. Dismissing the First, Second and Third Causes of Action of the Complaint in their entirety; and

B. Imposing Sanctions against the Plaintiff in the amount of $45,000.00 together with the costs and disbursements of this action; and

C. And granting such other relief as this Court deems just and proper.

Dated : New York, New York
May 5, 2008

                                          Respectfully submitted

                                        MCQUADE & MCQUADE

                                        By: _____
                                               Joseph F. McQuade
                                             104 East 40th Street
                                             New York, NY 10016
                                             (212) 599-3644
                                             joe44nd @ yahoo.com

## DECLARATION UNDER PENALTY OF PERJURY

The undersigned declares under penalty of perjury that he is the defendant in the above action, that he has read the above complaint and that the information contained in the complaint is true and correct. 28 U.S.C. § 1746; 18 U.S.C. § 1621.

Executed at New York, New York
on May 5, 2008

_____
JOSEPH McQUADE