UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------x

KEVIN MCKEOWN,

                                  Plaintiff,          08 CIV. 2391 (SAS)

      -against-

THE STATE OF NEW YORK; THE OFFICE OF COURT
ADMINISTRATION OF THE UNIFIED COURT SYSTEM;
THE N.Y. STATE COMMISSION ON JUDICIAL CONDUCT;
THE N.Y.S. 1ST DEPT., DEPARTMENTAL DISCIPLINARY
COMMITTEE; THOMAS J. CAHILL, in his official and individual
capacity; SHERRY K. COHEN, in her official and individual capacity;
GARY L. CASELLA, in his official and individual capacity;
NANCY J. BARRY, in her official and individual capacity;
FRANCIS A. NICOLAI, in his official and individual capacity;
JOSEPH M. ACCETTA, in his official and individual capacity;
ROBERT M. DIBELLA, in his official and individual capacity;
ANTHONY A. SCARPINO, in his official and individual capacity;
ROBERT A. KORREN; JEFFREY A. MCNAMARA;
PATRICIA BAVE-PANELL; GIULINI & GIULINI, ESQS.;
CHARLES A. GIULINI, individually and as a partner of Giulini
and Giulini; CHRISTINE GIULINI, individually and as a partner
of Giulini and Giulini; CATHERINE M. MIKLITSCH;
MCQUADE & MCQUADE, ESQS, JOSEPH F. MCQUADE,
individually and as a partner of MCQUADE & MCQUADE;
MICHAEL D. McQUADE, individually and as partner of
McQuade & McQuade and JOHN and JANE DOES, 1-20,

                                                    Defendants.
-------------------------------------------------------------------------- x


## DEFENDANTS MCQUADES MEMORANDUM OF LAW
## IN SUPPORT OF MOTION TO DISMISS
### STATEMENT

Defendants McQuades move to dismiss Counts Six and Seven of the Plaintiff's

Amended Complaint. Plaintiff has instituted suit against the State of New York and a multitude

of defendants which include New York State agencies, offices and agents of the New York judiciary, judges and a host of attorneys in any way involved with his late mother's estate.

Plaintiff's baseless disciplinary complaint against Defendant Joseph McQuade was dismissed by the First Department's Disciplinary Committee. Joseph McQuade retained attorney Richard Maltz Esq. to represent him before the Committee, knew no one on the Committee and had no direct or indirect contact or communication with any staff person at the Committee.

Plaintiff now sues the Defendants McQuade for breach of contract and breach of fiduciary duty.

Plaintiff's cause of action for breach of fiduciary duty is based upon alleged acts and omissions which occurred in 2003 and he seeks monetary damages against Defendants McQuade. This cause of action is clearly time-barred.

Plaintiff also fails to state a proper claim as to breach of contract since there was no contract to protect and insure Plaintiff's rights and interests (as he claims) and Defendants at all times acted properly in the interest of the estate.

## POINT I

## PLAINTIFF'S COUNT SEVEN FOR BREACH
## OF FIDUCIARY DUTY IS TIME-BARRED

Plaintiff McKeown in his Amended Complaint asserts a claim for breach of fiduciary duty against Defendants McQuade and seeks <u>monetary damages</u>. Plaintiff alleges that Defendants acted against his interest in 2003. Since Plaintiff retained several attorneys in 2004, he can only base his claim on acts which occurred in 2003.

Our courts have consistently held that such a breach of fiduciary claim falls under a <u>three-year</u> statute of limitations in the State of New York. <u>Svenska Finans International v. Scolaro Shulman Cohen Lawler & Burstein, P.C.</u>, 37 F. Supp.2d 178 (N.D.N.Y. 1999); <u>Vasile v. Dean Witter Reynolds, Inc.</u>, 20 F.Supp.2d 465 (E.D.N.Y. 1998)

In the Southern District, the Court held that New York's three-year limitations period governing actions and claims for damages for breach of fiduciary duty applied to claims against directors for breach of fiduciary duties. <u>Geren v. Bruce Thomas, Dillon, Read & Co.,Inc.</u>, 832 F. Supp. 728 (S.D.N.Y. 1993)

Plaintiff McKeown has brought his alleged (and baseless claim) for breach of fiduciary duty <u>FIVE YEARS</u> after the actions which form the basis of his Count Seven. Plaintiff is clearly out of time and is now precluded from suing for monetary damages on such a claim. Plaintiff's Count Seven must be dismissed as a matter of law.

## POINT II
## PLAINTIFF MCKEOWN HAS NO CONTRACT
## CLAIM SINCE IT IS BASED ON HIS OWN
## FRAUD AND MISCONDUCT

Plaintiff Kevin McKeown in his Amended Complaint pleads a breach of contract cause of action against Defendants McQuade. Plaintiff erroneously claims that he retained the attorneys to protect his interests; whereas the retainer clearly provides that the McQuade attorneys were retained to represent the Estate of Margaret A. McKeown.

He also asserts that the attorneys had no right, as officers of the Count, together with his sister Mary Virga, a preliminary executrix, to notify the Surrogate of his (McKeown's misconduct and seizure of decedents's financial records this activities and documents and computer. This action is the basis of Plaintiff's claim for breach of contract.

The courts of the State of New York have held that a Plaintiff's wrongful conduct may not be asserted as a defense or as a basis for an action for breach of contract. Fidelity Bank National Association v. Avrutick, 740 F. Supp.222 (S.D.N.Y.1990); Nastro Contracting Inc.,v Agusta, 629 N.Y.S. 2d. 848 (3rd Dept. 1995).

In addition our Courts have consistantly held that a lawyer as an officer of the court has a duty not to aid or in any way permit misconduct or illegal conduct by anyone in a suit or litigation. People vs. Andrades, 795 N.Y.S. 2d. 497 (Ct. App. 2005); Bennett v. Martoche, 475 N.Y.S. 2d. 190 (Sup. Ct. Erie Co. 1984).

As our Court of Appeals stated in People v. Andrades, supra, at p.500, "In DePallo, we recognized [an attorney] must be circumscribed by his or her duty as an officer of the Court to

4

serve the truth-seeking function of the justice system...."

In the Margaret A. McKeown Estate, plaintiff McKeown applied to the Surrogate for relief and claimed that Joseph McQuade's action was wrongful and the Surrogate disagreed. Plaintiff McKeown filed a baseless complaint against Joseph McQuade and the First Department Disciplinary Committee found no basis to discipline the attorney.

By reason of the forgoing, Plaintiff's Amended Compliant should be dismissed on the merits on its entirety.

# TABLE OF AUTHORITIES

**Cases**                                                                                       **Page**

Bennett v. Martoche                                                                                 4
    475 NYS 2d 190 (Sup.Ct. Erie Co. 1984)

Fidelity Bank N.A. v. Avrutick                                                                      4
    740 F. Supp. 222 (S.D.N.Y. 1990)

Geren v. Bruce Thomas Dillon Read & Co., Inc.                                                       3
    832 F. Supp. 728 (S.D.N.Y. 1993)

Nastro Contracting Inc. V. Agusta                                                                   4
    629 NYS 2d 848 (3rd Dept. 1995)

People v. Andrades                                                                                  4
    795 NYS 2d 497 (Ct. App. 2005)

Svenska Finans International v. Scolaro Shulman Cohen & Burstein                                    3
    37 F. Supp2d 178 (N.D.N.Y. 1999)

Vasile v. Dean Witter Reynolds Inc.                                                                 3
    20 F.Supp. 2d 465 (E.D.N.Y. 1998)