UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X

KEVIN MCKEOWN,

            Plaintiff,

- against -

STATE OF NEW YORK, *et al.*,

            Defendants.

------------------------------------------------------------X

**AMENDED ORDER**

08 Civ. 2391 (SAS)



SHIRA A. SCHEINDLIN, U.S.D.J.:

      By Opinion and Order dated August 8, 2008, this Court dismissed plaintiff's claims. Plaintiff now moves for reconsideration of that Opinion and Order.

      "The standard for granting such a motion is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked – matters, in other words, that might reasonably be expected to alter the conclusion reached by the court."[1] Plaintiff raises a

---

[1] *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995). *Accord In re BDC 56 LLC*, 330 F.3d 111, 123 (2d Cir. 2003); *Eisemann v. Greene*, 204 F.3d 393, 395 n.2 (2d Cir. 2000) ("To be entitled to reargument, a party must demonstrate that the Court overlooked controlling decisions or factual matters that were put before it on the underlying motion." (quotation omitted)).

1

number of grounds for reconsideration.

Plaintiff first argues that the dismissal of his Complaint denied him an opportunity to conduct discovery.[2] However, this Court already assumed the truth of plaintiff's assertions, and found that notwithstanding those accusations, relief was unavailable.

Plaintiff also states that he "cannot understand why this Honorable Court did not want to hear the testimony of two New York State judges" who would testify as to the truth of his allegations.[3] But as explained in the Court's Opinion and Order, plaintiff's claims were not dismissed because the Court found them implausible. On the contrary, for purposes of the motion to dismiss, the Court assumed that they were true. Even so, this Court could not grant plaintiff any relief.

Plaintiff next contends that the Court's analysis of defendants' immunity was erroneous because it failed to apply the exception to sovereign immunity first discussed in *Ex Parte Young*, which permits courts to award

---

[2] *See* Plaintiffs' [sic] Affirmation for Reconsideration of the Court's August 8, 2008 Opinion and Order ("Pl. Mem.") at 3.

[3] *Id.*

injunctive relief in certain circumstances.[4] However, as discussed in the Opinion and Order, plaintiff failed to identify an ongoing violation of a constitutional right that could be addressed by this Court through injunctive relief.[5]

Plaintiff also argues that the Court misapplied the *Rooker-Feldman* doctrine. He reasons that the doctrine applies only if his federal claim is intertwined with his state claim, and he did not bring his federal claims in state court.[6] Plaintiff has confused the requirements of the doctrine. *Rooker-Feldman* prevents federal courts from exercising appellate jurisdiction over state courts regardless of the form the action takes. Plaintiff's federal claims are barred because he asks this Court to overturn state court decisions, not because the federal claims themselves were already determined by a state court. The latter is an example of claim preclusion, not the *Rooker-Feldman* doctrine.

Plaintiff has not identified any material facts or law overlooked by the Court. Reconsideration is therefore denied.

---

[4]   209 U.S. 123 (1908).

[5]   *See* Opinion and Order at 46.

[6]   *See* Pl. Mem. at 12.

SO ORDERED:

_____
Shira A. Scheindlin
U.S.D.J.

Dated:   New York, New York
         August 28, 2008

– Appearances –

**Plaintiff (Pro Se):**

Kevin McKeown
P.O. Box 616
New York, NY 10156
(212) 591-1022

**For Defendant the State of New York:**

Anthony John Tomari
Assistant Attorney General
New York State Office of the Attorney General
120 Broadway, 24th Floor
New York, NY 10271
(212) 416-8553

**For Defendants Joseph F. McQuade and McQuade & McQuade, Esqs.:**

Joseph F. McQuade, Esq.
McQuade & McQuade
104 E. 40th Street
New York, NY 10016
(212) 599-3644