UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------X

KEVIN McKEOWN,

        Plaintiff,

- against -

THE STATE OF NEW YORK, et al.,

        Defendants.

------------------------------------------------------X

MEMORANDUM
OPINION AND ORDER

08 Civ. 2391 (SAS)

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 10/21/10

SHIRA A. SCHEINDLIN, U.S.D.J.:

I.    INTRODUCTION

        Pro se plaintiff Kevin McKeown brought this action pursuant to 42 U.S.C. § 1983 ("section 1983") against, *inter alia*, the State of New York; the New York State Commission on Judicial Conduct; the Office of Court Administration of the Unified Court System of New York; the Department Departmental Disciplinary Committee of the New York Appellate Division, First Department; the New York State Grievance Committee, Ninth Judicial District; various individuals in their employ (collectively, the "State Defendants"); and certain attorneys in private practice, alleging that the grievance he filed against his former attorneys at McQuade &McQuade was mishandled and ignored. McKeown argues that the defendants violated his rights to petition the government for redress of grievances,

to equal protection, and to due process under the First and Fourteenth Amendments.

On August 8, 2008, this Court dismissed the above-captioned case along with five other cases that were filed as related to *Anderson v. State of New York*, 07 Civ. 9599 (SAS).[1] In these six actions, all of which involved alleged corruption in the New York State courts, the plaintiffs alleged an underlying wrongdoing by an attorney, followed by a complaint to a disciplinary committee, followed by the disciplinary committee's failure to take action. This Court dismissed these actions, stating that

> the United States Constitution does not permit this Court to supervise the departmental disciplinary committees or review the decisions of the courts of New York State. Regardless of the possibility of corruption in the courts of the State of New York, the only federal court that may review their decisions is the United States Supreme Court. Plaintiffs must direct their complaints to the state court system, the Attorney General for the State of New York, or the appropriate United States Attorney. Because the Court lacks jurisdiction to review the decisions of the departmental disciplinary committees, and for the other

---

[1] *See Esposito v. State of New York*, Nos. 07 Civ. 11612 (SAS), 08 Civ. 2391 (SAS), 08 Civ. 3305 (SAS), 08 Civ. 4438 (SAS), 08 Civ. 5455 (SAS), 08 Civ. 6368 (SAS), 2008 WL 3523910 (S.D.N.Y. Aug. 8, 2008). The *Anderson* case was tried but the jury returned a verdict in favor of the defendants on October 29, 2009. A Judgment was entered the next day dismissing Anderson's Complaint. Anderson's appeal remains pending in the Second Circuit.

reasons stated below, these actions are dismissed.[2]

The dismissal of McKeown's case was affirmed by the Second Circuit.[3] McKeown now moves to re-open his case "based upon new facts [and] a fraud upon this Honorable Court" pursuant to Federal Rule of Civil Procedure 60(b) ("Rule 60(b)") and (d)(3).[4]

## II.  LEGAL STANDARD

"Rule 60(b) was intended to preserve the delicate balance between the sanctity of final judgments and the incessant command of the court's conscience that justice be done in light of all the facts."[5] Rule 60(b) does not provide a party

---

[2]   *Id.* at *1.

[3]   *See McKeown v. New York State Comm'n on Judicial Conduct*, No. 08-4586-cv, 2010 WL 1977825 (2d Cir. May 18, 2010) (affirming dismissal based on the Eleventh Amendment, lack of standing, the *Rooker-Feldman* doctrine, judicial immunity, and quasi-judicial immunity) (Summary Order). Notably, the Second Circuit found that McKeown abandoned both his section 1983 claims against the defendant-attorneys in private practice and his state law claims. *See id.* at *3 ("Appellant has abandoned on appeal his § 1983 claims against those of the Defendants-Appellees who are attorneys in private practice, as well as his state law claims.").

[4]   Plaintiff's Affirmation in Support of Motion to Reopen ("Pl. Aff.") at 1 ("What this [C]ourt has not known, until now, is that the defendants have defrauded this [C]ourt as they have knowingly acted without required jurisdiction, *inter alia*, thus void of any immunity.") (emphasis in original).

[5]   *Smalls v. United States*, 471 F.3d 186, 191 (D.C. Cir. 2006) (quotation marks, ellipses, and citation omitted). *Accord Nemaizer v. Baker*, 793 F.2d 58, 61 (2d Cir. 1986) ("Properly applied Rule 60(b) strikes a balance between serving the

with the opportunity to relitigate the merits of a case in an attempt to win a point already "carefully analyzed and justifiably disposed."[6] Accordingly, motions for relief from judgment under Rule 60(b) are generally disfavored in the Second Circuit.[7]

Rule 60(b) provides that a district court may relieve a party from a final judgment or order in five enumerated circumstances and, according to a sixth subclause, for "any other reason that justifies relief."[8] The Second Circuit has held

---

ends of justice and preserving the finality of judgments. In other words, it should be broadly construed to do substantial justice, yet final judgments should not be lightly reopened.") (quotation marks and citations omitted).

[6]     *In re Bulk Oil (USA) Inc.*, No. 89-B-13380, 2007 WL 1121739, at *10 (S.D.N.Y. Apr. 11, 2007) (stating that a court should not "reconsider issues already examined simply because [a party] is dissatisfied with the outcome of his case. To do otherwise would be a waste of judicial resources.") (quotation marks and citation omitted).

[7]     See *Empresa Cubana Del Tabaco v. General Cigar Co. Inc.*, No. 08-5878-cv, 2010 WL 2759416, at *1 (2d Cir. July 14, 2010 ) ("We have cautioned, however, that Rule 60(b) motions are disfavored . . . .") (citing *Pichardo v. Ashcroft*, 374 F.3d 46, 55 (2d Cir. 2004)); *Simone v. Prudential Ins. Co. of America*, No. 05-3202-CV, 2006 WL 166490, at *1 (2d Cir. Jan. 24, 2006); *United States v. International Bhd. of Teamsters*, 247 F.3d 370, 391 (2d Cir. 2001).

[8]     Fed. R. Civ. P. 60(b)(1) - (6). If any other subdivision of Rule 60(b) is applicable, Rule 60(b)(6) will not apply. *See Nemaizer*, 793 F.2d at 63. McKeown has failed to mention which subsection of Rule 60(b) he is relying upon. This Court therefore presumes that he is relying upon Rule 60(b)(3), which provides for relief from judgment in cases of "fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party[.]" Fed. R. Civ. P. 60(b)(3).

that "[m]otions under rule 60(b) are addressed to the sound discretion of the district court and are generally granted only upon a showing of exceptional circumstances."[9] The Second Circuit has set forth a three-prong test in order for a Rule 60(b) motion to succeed: (1) there must be "highly convincing" evidence in support of the motion; (2) the moving party must show good cause for failing to act sooner; and (3) the moving party must show that granting the motion will not impose an undue hardship on any party.[10] Finally, "pro se litigants are not . . . excused from the requirement that they produce 'highly convincing' evidence to support a Rule 60(b) motion."[11] "The heavy burden for securing relief from final judgments applies to pro se litigants as well as those represented by counsel."[12]

## III. DISCUSSION

McKeown has filed a Motion to Re-Open, pursuant to Rule 60(b) and

---

[9] *Mendell in behalf of Viacom, Inc. v. Gollust*, 909 F.2d 724, 731 (2d Cir. 1990) (citing *Nemaizer*, 793 F.2d at 61). *Accord Paddington Partners v. Bouchard*, 34 F.3d 1132, 1142 (2d Cir. 1994).

[10] *See Kotlicky v. United States Fid. Guar. Co.*, 817 F.2d 6, 9 (2d Cir. 1987).

[11] *Gil v. Vogilano*, 131 F. Supp. 2d 486, 494 (S.D.N.Y. 2001).

[12] *Broadway v. City of New York*, No. 96 Civ. 2798, 2003 WL 21209635, at *3 (S.D.N.Y. May 21, 2003).

(d)(3),[13] on the ground that the defendants, including all attorneys and State actors, acted without jurisdiction when they continued proceedings in the Surrogate's Court without filing a substitution of party motion after the death of an interested party, Ronald McKeown, on November 4, 2003.[14] However, this Court was well aware of the alleged misconduct at the time it granted defendants' motion to dismiss, as evidenced by the following excerpt:

> On September 2, 2003, Kevin McKeown and his sister Mary Virga engaged the legal services of Joseph F. McQuade in connection with probate proceedings of their mother's estate. At the time of her death, their mother had four living children, one of which, Ronald McKeown ("Ronald"), had been arrested for stealing over $100,000 from the Red Cross and had several large outstanding judgments for stolen money. McKeown believed that his mother wanted her estate to repay the Red Cross, and informed McQuade of this fact, but his sister and McQuade took steps to prevent this. McQuade then appeared in a conference in front of Joseph M. Accetta of the Office of Court Administration (the "OCA") in which he filed an order to show cause against McKeown. McKeown alleges that Accetta and Robert M. DiBella, also an attorney at the OCA, and Judge Anthony A. Scarpino failed their duty as an [sic] attorneys and as OCA employees when they chose

---

[13]   Subsection (d)(3) does not limit a court's power to "set aside a judgment for fraud on the court." Fed. R. Civ. P. 60(d)(3). The reason McKeown invoked Rule 60(d)(3) is a mystery because any fraud that was perpetrated was perpetrated on the Surrogate's Court, not this Court.

[14]   *See* Pl. Aff. ¶¶ 2-3. Given the Second Circuit's finding of abandonment in its affirmance, *see supra* n.3, McKeown's motion to re-open is necessarily limited to state actors, namely, the State Defendants.

6

> not to report or take any action against McQuade's breaches of the most fundamental attorney-client obligations.
>
> Some time later, Ronald committed suicide. Shortly thereafter, Frank W. Streng, Ronald's attorney, filed an assignment of interest. Accetta; DiBella; Robert A. Korren, apparently an attorney involved in the case; McQuade; Michael McQuade ("M.McQuade"), partner of McQuade; and Judge Scarpino knew that Streng no longer had authority to file such a document, but improperly remained silent and took no corrective action. Charles and Christine Giulini, attorneys who were involved in the case, acted in reliance on the assignment knowing it to be improper.[15]

Thus, this Court was aware that proper legal procedures were not followed after the death of Ronald McKeown. This fact, however, does not change my prior legal conclusion that the federal courts are not the proper forum for McKeown's claims given the indisputable lack of jurisdiction and the various assertions of immunity. Furthermore, McKeown's Motion to Re-Open may be time barred. The Order dismissing McKeown's Complaint was entered on August 8, 2008. Rule 60 states that: "A motion under Rule 60(b) must be made within a reasonable time – and for reasons (1), (2), and (3) no more than a year after the entry of the judgment or order or the date of the proceeding."[16] Here, McKeown's

---

[15] *Esposito*, 2008 WL 3523910, at *2-3 (quotation marks, citations and footnotes omitted).

[16] Fed. R. Civ. P. 60(c)(1). This Court need not, however, rely on any statute of limitations given that the Motion to Re-Open is completely lacking in

Motion to Re-Open was filed on September 13, 2010, which is more than two years since the issuance of the Order dismissing his case.

In sum, McKeown has failed to show that his allegedly new facts constitute the type of exceptional circumstances that would warrant relief from judgment under Rule 60(b). None of the "evidence" now offered by McKeown serves to abrogate or waive the State Defendants' Eleventh Amendment immunity. Nor does it establish that the individual defendants are no longer entitled to absolute judicial or quasi-judicial immunity. Plaintiff's action against the State Defendants remains jurisdictionally barred and subject to dismissal on a number of alternative grounds. McKeown's newly discovered "facts" have not remedied these fundamental flaws.

## IV. CONCLUSION

For the reasons stated above, McKeown's Motion to Re-Open is denied. Consequently, McKeown's subsequently filed Order to Show Cause requesting, *inter alia*, a federal monitor to oversee the day-to-day operations of the Office of Court Administration, the Departmental Disciplinary Committee and the New York State Commission on Judicial Conduct is moot.[17] The Clerk of the

---

merit.

[17] Because the Order to Show Cause is now moot, McKeown's subsequent request for the issuance of two subpoenas is also moot. *See* October

Court is directed to close the Motion to Re-Open (Document # 43).

SO ORDERED:

Shira A. Scheindlin
U.S.D.J.

Dated:      New York, New York
            October 21, 2010

_____

18, 2010 Letter from McKeown to this Court.

## - Appearances -

**Plaintiff (Pro Se):**

Kevin McKeown
P.O. Box 616
New York, NY 10156
(212) 591-1022

**For the State Defendants:**

Anthony J. Tomari
Assistant Attorney General
120 Broadway, 24th Floor
New York, NY 10271
(212) 416-8553